UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| KYLE ANSON,<br><br>　　　　　　Plaintiff,<br><br>　v.<br><br>MIDDLESEX INSURANCE COMPANY, a foreign corporation,<br><br>　　　　　　Defendant. | NO: 1:15-CV-3148-RMP<br><br>ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT AND DENYING PLAINTIFF'S CROSS-MOTION FOR SUMMARY JUDGMENT |

BEFORE THE COURT is Defendant's Motion for Summary Judgment, ECF No. 8, and Plaintiff's Cross-Motion for Summary Judgment, ECF No. 20. The Court has reviewed the motions, the record, and is fully informed.

## BACKGROUND

On January 16, 2014, Plaintiff, Kyle Anson, purchased automobile insurance from Defendant. ECF No. 21 at 2. Plaintiff was provided with a number of forms to complete that process. *See id.* at 2-4. Plaintiff signed a waiver of all underinsured motorists coverage ("UIM"). *See* ECF No. 10-1 at 8. Although other

ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT AND DENYING PLAINTIFF'S CROSS-MOTION FOR SUMMARY JUDGMENT ~ 1

1  forms signed by Plaintiff explain UIM and personal injury protection ("PIP"), the

2  form that explicitly waived such coverage was entitled "Washington Acceptance or

3  Rejection of." *See id*. The form reads in relevant part: "Underinsured Motorists

4  Bodily Injury (UIM-BI) Coverage, Underinsured Motorists Property Damage

5  (UIM-PD) Coverage, and Personal Injury Protection (PIP) Coverage have been

6  explained to me and I fully understand them." *Id*. The form shows that Plaintiff

7  "[r]ejected" underinsured motorists bodily injury (UIM-BI) coverage, underinsured

8  motorists property damage (UIM-PD) coverage, and personal injury protection

9  (PIP) coverage. *See id*. Despite Plaintiff's signature, he states that at the time he

10 signed that document, "Plaintiff did not know what PIP was under his automobile

11 insurance policy or the limits available," and that "Plaintiff did not know what

12 UIM coverage was under his automobile insurance policy." ECF No. 21 at 4.

13     On May 2, 2014, a car failed to yield to Plaintiff, collided with his vehicle

14 head-on, and the driver immediately fled the scene. *Id*. at 4-5. Plaintiff filed a

15 UIM claim with Defendant under his insurance policy on July 15, 2014.

16 Defendant denied the UIM claim and referred Plaintiff to the Washington Auto

17 Application document, the "Washington Acceptance or Rejection of" document,

18 and the "Policy Declarations" document. *See id*. at 5.

19     Plaintiff's counsel challenged the validity of Defendant's UIM/PIP waivers

20 through a number of letters to Defendant, but Defendant continued to deny the

21 ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT
   AND DENYING PLAINTIFF'S CROSS-MOTION FOR SUMMARY
   JUDGMENT ~ 2

claims. *Id*. at 6. On July 9, 2015, Plaintiff filed a lawsuit in Yakima County Superior Court against Defendant for breach of contract, bad faith dealings, and alleged violations of Washington's Consumer Protection Act. ECF No. 1-3 at 4. The case was subsequently removed to this Court. *See* ECF No. 1.

Defendant requests summary judgment be entered on its behalf due to the explicit waivers that Plaintiff signed. *See generally* ECF No. 8. However, Plaintiff responded to Defendant's motion with his own cross-motion for summary judgment, ECF No. 20, challenging the legality/validity of Plaintiff's waiver of UIM.

## ANALYSIS

The moving party is entitled to summary judgment when there are no disputed issues of material fact when all inferences are resolved in favor of the non-moving party. *Northwest Motorcycle Ass'n v. United States Dep't of Agric.*, 18 F.3d 1467, 1471 (9th Cir. 1994); FED. R. CIV. P. 56(c). If the non-moving party lacks support for an essential element of their claim, the moving party is entitled to judgment as a matter of law regarding that claim. *See Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). Importantly, at the summary judgment stage, the Court does not weigh the evidence presented, but instead assumes its validity and determines whether it supports a necessary element of the claim. *Id*. To prevail at the summary judgment stage, a party must establish that a fact cannot be genuinely

disputed and that the adverse party cannot produce admissible evidence to the contrary. FED. R. CIV. P. 56(c). Once the moving party has met their burden, the non-moving party must demonstrate that there is probative evidence that would allow a reasonable jury to find in their favor. *See Anderson v. Liberty Lobby*, 477 U.S. 242, 251 (1986).

"[W]hen parties submit cross-motions for summary judgment, '[e]ach motion must be considered on its own merits.'" *Fair Hous. Council of Riverside Cty., Inc. v. Riverside Two*, 249 F.3d 1132, 1136 (9th Cir. 2001) (citing William W. Schwarzer, et al., *The Analysis and Decision of Summary Judgment Motions*, 139 F.R.D. 441, 499 (Feb.1992)). Plaintiff opposes Defendant's motion and supports his own in one memorandum, relying on the same arguments. ECF No. 20. Having considered both motions and the alleged facts relied upon by both parties, the Court will address their respective motions, but must do so simultaneously due to their overlapping nature.

**Breach of Contract**

REV. CODE WASH. 48.22.030 provides in relevant part that "[a] named insured or spouse may reject, in writing, underinsured coverage for bodily injury or death, or property damage . . . ." REV. CODE WASH. 48.22.030(4). "The UIM statute does not mandate UIM coverage, but requires all insurers to make UIM coverage available to Washington policyholders." *Clements v. Travelers Indem.*

ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT AND DENYING PLAINTIFF'S CROSS-MOTION FOR SUMMARY JUDGMENT ~ 4

*Co.*, 121 Wash. 2d 243, 250 (1993). A written rejection of UIM coverage satisfies the requirements of this statute if it "reflects the insured's intent to reject UIM coverage." *Weir v. Am. Motorists Ins. Co.*, 63 Wash. App. 187, 192 (1991) "The rejection must be specific and unequivocal." *Weir v. Am. Motorists Ins. Co.*, 63 Wash. App. 187, 190 (1991) (citing *Dairyland Ins. Co. v. Uhls,* 41 Wash. App. 49, 53 (1985)).

Defendant's primary argument is straight-forward: "Anson is not entitled to UIM coverage because he knowingly waived that coverage when he completed his insurance application." ECF No. 8 at 3. Defendant argues that Plaintiff unequivocally waived UIM coverage in three parts of his insurance application; specifically, he affirmed that UIM property and bodily injury coverage "have been explained to me and I fully understand them." ECF No. 8 at 3. Due to the clear language of the forms, which include words such as "rejected," or "no coverage" where they reference the amount of UIM coverage selected by Plaintiff, Defendant argues that the insurance contract provided a written rejection that was unequivocal. As Defendant argues, "Anson's unexpressed, subjective manifestations—whatever those may be—are irrelevant to determining whether he waived UIM coverage." *Id*. at 6.

Plaintiff responds by arguing that "Defendant's UIM waiver clause fails to meet the requirements of Washington's UIM statute, thus, Plaintiff's rejection was

ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT AND DENYING PLAINTIFF'S CROSS-MOTION FOR SUMMARY JUDGMENT ~ 5

1  not 'specific and unequivocal' and was not an 'affirmative and conscious act.'"

2  ECF No. 20 at 3. Plaintiff cites law regarding the enforceability of contracts

3  recognizing that "[i]f the language of the insurance policy is clear and

4  unambiguous, the court must enforce the policy as written; a court may not modify

5  it or create ambiguity where none exists." *Id*. at 4 (citing *Quadrant Corp. v. Am.*

6  *States Ins. Co.,* 154 Wn.2d 165, 171 (2005)). Plaintiff argues that a policy is

7  ambiguous if "on its face, it is fairly susceptible to two different interpretations,

8  both of which are reasonable." *Id*. (quoting *Am. Nat. Fire Ins. Co. v. B&L*

9  *Trucking & Const. Co., Inc.*, 134 Wn.2d 413, 428 (1998)). However, Plaintiff fails

10  to provide any basis to find ambiguity in the clear terms of Plaintiff's contract.

11  The words "rejected" and "no coverage" are not "fairly susceptible to two different

12  interpretations."

13  Plaintiff also disputes the validity of the waiver forms by arguing that a

14  waiver that complies with REV. CODE WASH. 48.22.030 must comply with

15  additional requirements imposed by Washington case-law. *See generally* ECF No.

16  20. First, Plaintiff relies on *Galbraith v. National Union Fire Ins. Co.*, 78 Wn.

17  App. 526, 532 (1995), to assert that a valid waiver must "set forth the amount of

18  UIM coverage that the insured had 'in mind.'" ECF No. 20 at 5. The citation is

19  inapposite to the present case because *Galbraith* dealt with a partial waiver of UIM

20  coverage where the remaining level of UIM coverage was not specified. The

21  ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT AND DENYING PLAINTIFF'S CROSS-MOTION FOR SUMMARY JUDGMENT ~ 6

policy in that case only specified coverage for "Minimum Limits-Uninsured Motorists," but did not specify as to what this minimum referred. *Galbraith*, 78 Wash. App. at 528. *Galbraith* did not impose a new requirement that is absent from the statutory text of REV. CODE WASH. 48.22.030. However, even if Defendant were required to specify the amount Plaintiff "had in mind," Defendant's forms would have fulfilled that requirement as they state that Plaintiff rejected all UIM coverage. His complete rejection of UIM coverage demonstrates that he "had in mind" the amount of zero dollars.

Plaintiff also relies on *Corley v. Hertz Corp.*, 76 Wash. App. 687, 693 (1994), for the proposition that "[t]he requirement that an insured reject UIM coverage by an affirmative and conscious act necessarily implies that the insured is given a choice between rejecting or accepting UIM coverage." *See* ECF No. 20 at 5-6. This holding, from a case concerning a rental car agreement, does nothing to vitiate the fact that Plaintiff signed a form choosing to reject UIM coverage. Plaintiff fails to create a genuine issue of material fact regarding his assertion that he was not given a choice to obtain UIM coverage when he opted to forego a higher premium and the coverage that it would ensure.

Despite the fact that no such requirement exists within the text of REV. CODE WASH. 48.22.030, Plaintiff also requests the Court find the waiver invalid because he was not advised of his right to UIM coverage up to the maximum

ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT AND DENYING PLAINTIFF'S CROSS-MOTION FOR SUMMARY JUDGMENT ~ 7

policy limits. Defendant selectively quotes *Cochran v. Great W. Cas. Co.*, 116 Wash. App. 636, 644-45 (2003), as somehow imposing a requirement that an insured be advised "of the right to UIM coverage up to the maximum policy limits." ECF No. 20 at 6. Although the insured in *Cochran*, who purchased UIM coverage up to a limit of 60,000 dollars, was so advised, the case did not hold that a valid waiver must specify maximum policy limits. Additionally, in this case, Plaintiff rejected any and all UIM coverage, so an explanation of the maximum protection would be superfluous. His signature on a form that stated UIM coverage was "rejected" evidenced his intent not to seek any, much less the maximum, amount of UIM coverage.

Plaintiff also argues that "Defendant's UIM waiver was plagued with imprecise contract language that was not only confusing, but inconsistent with the language of RCW 48.22.030." ECF No. 20 at 7. These bare, conclusory allegations are belied by the very portions of the record that Plaintiff cites to support this argument. Plaintiff's first example of such allegedly imprecise and confusing language stated plainly: "Uninsured Motorist Limits: <u>no coverage</u>." *Id*. Plaintiff's lack of understanding of this unambiguous language cannot suffice to support Plaintiff's claim beyond summary judgment, especially where Plaintiff signed a statement verifying his understanding of the UIM coverage that he chose to waive. Plaintiff fails to support his conclusory allegations of imprecise and

ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT AND DENYING PLAINTIFF'S CROSS-MOTION FOR SUMMARY JUDGMENT ~ 8

confusing language that "plague" the contract, and the Court is unable to see any such language pertaining to the waiver of UIM coverage.

According to Plaintiff, "Defendant's description and summary of the UIM coverage runs afoul of the requirements of the UIM statute for several reasons." ECF No. 20 at 8. Specifically, Plaintiff takes issue with portions of the explanatory parenthetical statement under the words "UIM Motorist Limits" that states "pays damages for bodily injury and/or property damage for which an insured is legally entitled to recover from the owner of an uninsured motor vehicle."[1] *See* ECF No. 10-1 at 9.

Plaintiff argues Defendant's explanation of UIM coverage was "factually and legally" inaccurate because it implies that UIM coverage only pays damages from the "owner" of an uninsured motor vehicle, and fails to explain that "UIM coverage also pays damages for bodily injury for which an insured is legally entitled to recover from the DRIVER of an uninsured vehicle. . . ." ECF No. 20 at

---

[1] Plaintiff misquotes this form as reading: "pays damages for bodily injury and/or property damage for which an insured is legally entitled to recover from the owner of an underinsured motor vehicle," ECF No. 20 at 8, when it, in fact, references "uninsured motor vehicle." ECF No. 10-1 at 9. The misquote is material to Plaintiff's argument regarding the importance of this distinction.

ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT AND DENYING PLAINTIFF'S CROSS-MOTION FOR SUMMARY JUDGMENT ~ 9

8. Plaintiff fails to cite any legal support for the materiality of this distinction and none is found in the portion of Washington's UIM statute that pertains to waiver of UIM coverage. *See* REV. CODE WASH. 48.22.030(4).

Plaintiff also argues that the form's language is inaccurate in that it does not explain that "UIM pays damages for which an insured is entitled to recover from an UNDERINSURED (not just an UNINSURED) driver. ECF No. 20 at 8. However, Plaintiff is referring to the parenthetical that explains "Uninsured Motorist Limits." The statement Plaintiff challenges was contained on a supplemental form that was not part of the one form that Plaintiff recognizes as the waiver of UIM coverage. *See* Plaintiff's Statement of Facts, ECF No. 21 at 3 ("The 'Washington Acceptance or Rejection of' document is prepared by Defendant and serves as Defendant's sole UIM waiver form."). On the one form that served to waive all UIM coverage, Plaintiff signed the statement that verified that he was provided with an explanation of <u>under</u>insured motorist coverage for property and bodily injury. *See* ECF No. 10-1. The additional reference to <u>un</u>insured motorist coverage on a separate form does nothing to vitiate his signed statement on the waiver form of all <u>under</u>insured motorist coverage.

To argue in favor of a finding that "Defendant's description and summary of the UIM coverage runs afoul of the requirements of the UIM statute," ECF No. 20 at 8, Plaintiff states that the deposition of Anson demonstrates that "Plaintiff did

ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT AND DENYING PLAINTIFF'S CROSS-MOTION FOR SUMMARY JUDGMENT ~ 10

not understand what UIM coverage would have afforded." *Id*. However, Plaintiff's asserted lack of understanding is contradicted by his signed statement that the UIM coverages "have been explained to me and I fully understand them." After signing that statement, Plaintiff cannot later claim ignorance in order to recover benefits for which he did not pay.

Plaintiff attempts to create ambiguity where there is none by alleging it with conclusory statements and citations to portions of the record that are separate from the waiver form. Plaintiff argues that the waiver is not "set forth clearly," *id*., and analogizes *Galbraith* because Plaintiff saw "no clear specificity in the language regarding the monetary limit for UIM coverage in any of Defendant's documents . . . ." *Id*. at 10. Again, Plaintiff fails to provide any legal support for the purported requirement that an insured who seeks to waive all UIM coverage must nonetheless be informed of the different potential monetary limits for UIM coverage.

Plaintiff alleges Defendant's language was unclear in stating that the limits next to "Bodily Injury-Property Damage" are listed as "25/50/25," and that Plaintiff could not tell if that language also applied to UIM coverage. *Id*. at 10. This confusion is clarified in writing on the very next line where "UIM-BI" and UIM-PD" are both accompanied by the word "rejected," rather than any applicable limit. *Id*. Once again, this supplemental form does nothing to lessen the validity

ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT AND DENYING PLAINTIFF'S CROSS-MOTION FOR SUMMARY JUDGMENT ~ 11

of the separate form where Plaintiff states that UIM coverage was adequately explained to him and that he chose to reject it.

Plaintiff challenges Defendant's waiver form that reads "If accepted, the Underinsured Motorists Bodily Injury (UIM-BI), Underinsured Motorists Property Damage (UIM-PD), and Personal Injury protection (PIP) Coverage limits I have requested are shown on the Personal Auto Application or change request. I understand that $10,000 UIM-PD will be added to my policy unless rejected." *Id*. at 12 (quoting ECF No. 10-1 at 8). Plaintiff asserts "[h]owever, nowhere in the referenced document does it express the available UIM limits." *Id*. Plaintiff's argument fails to consider the opening clause of the quoted language; that is, that the relevant coverage limits would only be shown, "[i]f accepted." Plaintiff stated his desire to "reject" all UIM coverage and the forms simply memorialized his decision. Plaintiff fails to demonstrate any lack of specificity in the relevant language.

Plaintiff also argues public policy supports finding the waiver of UIM coverage to be invalid. ECF No. 20 at 14-17. Despite the validity of his arguments regarding the state's interest in protecting victims of vehicle accidents and voiding contract terms that violate Washington law, these policy arguments are inapposite under the present circumstances. Plaintiff explicitly waived UIM coverage with his signature on his policy application, thereby choosing to forego

the benefits of UIM coverage.  No policy interest would be furthered by requiring insurance companies to extend benefits to customers who had contractually rejected them.  Plaintiff's repeated assertions of ignorance and lack of experience support the necessity of what Washington law already requires, a written waiver of UIM coverage.  Plaintiff signed such a written waiver and his policy arguments fail to void that contract.

Based on the foregoing, Plaintiff fails to create a genuine issue of material fact that could support his assertion that Defendant's UIM waiver clause fails to meet the requirements of Washington law.  Accordingly, the Court grants Defendant's motion for summary judgment on Plaintiff's breach of contract claim.

**Consumer Protection Act**

Plaintiff's other claims, which assert violations of Washington's Consumer Protection Act ("CPA") and Defendant's duty of good faith and fair dealing, are based on the same factual allegations upon which he relies for his breach of contract claim.

Plaintiff lists the elements of a CPA claim as requiring a plaintiff to show "(1) unfair or deceptive act or practice; (2) occurring in trade or commerce, (3) public interest impact; (4) injury to the party in his or her business or property; and (5) causation." ECF No. 20 at 17 (citing *Indus. Indem. Co. of the Nw. v. Kallevig*, 114 Wash. 2d 907, 920–21 (1990).  Plaintiff fails at the first element because there

is no genuine issue of material fact that would potentially support the allegation that Defendant engaged in an unfair or deceptive act or practice. Plaintiff relies on the same factual arguments addressed above to assert that the alleged "failure to provide an effective UIM waiver to Plaintiff was an explicit violation of not only the UIM statute – RCW 48.22.030 – but also of the Washington Administrative Codes, specifically, WAC §284-30-330(1)[2] and §284-30-350(1).[3]" ECF No. 20 at 18-19. As addressed previously, Plaintiff fails to support his conclusory assertions that the waiver was "flawed" or that Defendant failed "to properly notify Plaintiff of his entitlement and right to UIM coverage." Absent any factual support for finding an "unfair or deceptive act or practice," the Court grants Defendant's motion for summary judgment on Plaintiff's CPA claim.

---

[2] WASH. ADMIN. CODE 284-30-330(1) states that "[m]isrepresenting pertinent facts or insurance policy provisions" is an example of an "unfair method[] of competition and unfair or deceptive act[] or practice[] of the insurer in the business of insurance, specifically applicable to the settlement of claims."

[3] WASH. ADMIN. CODE 284-30-350(1) provides that "[n]o insurer shall fail to fully disclose to first party claimants all pertinent benefits, coverages or other provisions of an insurance policy or insurance contract under which a claim is presented."

ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT AND DENYING PLAINTIFF'S CROSS-MOTION FOR SUMMARY JUDGMENT ~ 14

**Breach of Duty of Good Faith and Fair Dealing**

Plaintiff recognizes that "a reasonable basis for denial of an insured claim constitutes a 'complete defense to any claim that the insurer acted in bad faith or in violation of the Consumer Protection Act.'"  ECF No. 20 at 20 (quoting *Dombrowsky v. Farmer's Ins. Co. of Wash.*, 84 Wn. App. 245, 260 (1996)).  In order to assert that Defendant acted in bad faith, Plaintiff relies on his same conclusions that Defendant did not provide him with "an adequate UIM waiver that satisfied the requirements of RCW 48.22.030," and that "Defendant did not have a reasonable basis for denying Plaintiff's UIM claim when it breached Washington's insurance regulations – WAC §284-30-330(1) and §284-30-350(1) – and when it failed to satisfy the UIM statute and failed to properly disclose to Plaintiff the UIM policy benefits and coverages that Plaintiff was entitled to."  ECF No. 20 at 20.  As previously discussed in dismissing Plaintiff's breach of contract claim, Plaintiff cannot establish a genuine issue of material fact that would potentially support any of these allegations.  Defendant had a reasonable basis to deny Plaintiff's UIM claim because Plaintiff explicitly waived that coverage.  Accordingly, the Court grants Defendant's motion for summary judgment as it pertains to Plaintiff's claim regarding "bad faith dealings."

Accordingly, **IT IS HEREBY ORDERED THAT**:

1. Defendant's Motion for Summary Judgment, **ECF No. 8**, is **GRANTED**.

ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT AND DENYING PLAINTIFF'S CROSS-MOTION FOR SUMMARY JUDGMENT ~ 15

2. Plaintiff's Cross-Motion for Summary Judgment, **ECF No. 20**, is **DENIED**.

**IT IS SO ORDERED.** The District Court Clerk is hereby directed to enter this Order, provide copies to counsel, and **enter Judgment in favor of Defendant and close this case**.

**DATED** this 8th day of August 2016.

                                    *s/ Rosanna Malouf Peterson*
                                  ROSANNA MALOUF PETERSON
                                    United States District Judge